IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY WALESKI, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, NATALIE D. RAMSEY and LEONARD A. BUSBY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 3:18-cv-1144<br><br><br><br>FILED ELECTRONICALLY |

## NOTICE OF REMOVAL

Defendants Montgomery McCracken Walker & Rhoads, LLP, Natalie D. Ramsey and Leonard A. Busby (referred to collectively hereinafter as "MMWR"), hereby give notice of the removal of the action entitled *Stanley Waleski, on his own behalf and on behalf of all others similarly situated v. Montgomery, McCracken, Walker & Rhoads, LLP, Natalie D. Ramsey and Leonard A. Busby*, No. 201804431, ("the State Court Action"), from the Court of Common Pleas of

Luzerne County to the United States District Court for the Middle District of Pennsylvania.[1] The grounds for removal are as follows:

## BACKGROUND

1. On April 11, 2018, Plaintiff Stanley Waleski ("Waleski") commenced the State Court Action on his own behalf and on behalf of a putative class of persons exposed to chemicals emitted from a wood treatment plant in Avoca, Pennsylvania (referred to in the Complaint and hereinafter as "the Avoca Plaintiffs"). (A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A.") The Complaint alleges purported breaches of contract under a direct breach of contract theory (Count I) and an intended beneficiary theory (Count II).

2. The claims in the State Court Action are based on legal services provided during a Chapter 11 proceeding in the matter entitled *In re Tronox Inc., et al.*, No. 09-10156, in the United States Bankruptcy Court for the Southern District of New York (hereinafter "the Tronox Bankruptcy").

---

[1] By removing this action to this Court, MMWR does not waive any defenses, objections or motions available under state or federal law. MMWR will move to dismiss Waleski's claims and for transfer to the most appropriate federal venue within the period prescribed by Fed. R. Civ. P. 81(c)(2).

3.     The Complaint in the State Court Action alleges that Waleski is seeking "to recover damages for breach of contract arising from [MMWR's] actions and inactions committed while representing the interests of [the Avoca Plaintiffs] in connection with" the Tronox Bankruptcy. (Compl. ¶ 1.) Specifically, Waleski alleges that MMWR breached professional obligations set forth in a Contingent Fee Agreement dated January 27, 2009 between Defendant Montgomery McCracken Walker & Rhoads, LLP and Powell Law Group, P.C., the Avoca Plaintiffs' tort law firm, by: (a) serving as "bankruptcy court-approved counsel" for Michael E. Carroll (a putative class member) in his capacity as a member of the Creditors' Committee, (*id.* ¶¶ 42-43, 53); (b) failing to object to a proof of claim filed by another group of personal injury claimants asserting claims against Tronox, Inc. arising from creosote exposure (referred to in the Complaint as the "Mississippi Claimants") (*id.* ¶ 49); (c) assisting in drafting tort claims trust distribution documents (the "Tort Claims Trust" and "Tort Claims Trust Distribution Procedures") which were incorporated into the debtors' Chapter 11 plan to govern administration of personal injury and property damage claims ("Tort Claims") and which allegedly failed to accord priority to claims of the putative class members over competing claims, (*id.* ¶¶ 53, 56, 58); and (d) assigning inadequate values to the disease claims of the Avoca Plaintiffs under the Tort Claims Trust created to pay the holders of Tort Claims, (*id.* ¶¶ 85-87). The

Chapter 11 plan which is the subject of Waleski's claims was approved by Order of the United States Bankruptcy Court for the Southern District of New York on November 30, 2010 and became effective on February 14, 2011. (*Id.* ¶ 56.)

4. Waleski further alleges that Defendants breached professional obligations in the Contingent Fee Agreement by failing to object to a $5.15 billion settlement of fraudulent transfer claims involving estate assets which was approved by the United States Bankruptcy Court for the Southern District of New York on May 30, 2014 and by the United States District Court for the Southern District of New York on November 10, 2014, as amended on November 19, 2014. (*Id.* ¶¶ 66-69.) (Copies of the November 10, 2014 Opinion & Order and November 19, 2014 Corrected Judgment are attached hereto as Exhibits "B" and "C," respectively.)

5. Waleski avers in the Complaint that MMWR's alleged failure to object to the Mississippi Claimants' proof of claim prior to plan confirmation resulted in allowance of the competing claims. (Compl. ¶ 71.) The United States Bankruptcy Court for the Southern District of New York, however, also concluded that the Avoca Plaintiffs' objections to the proposed settlement lacked merit. Specifically, the Bankruptcy Court concluded that the Trustee properly allowed the Mississippi Claimants' claims and that their "group" proof of claim was "acceptable." (A copy of the June 17, 2015 Memorandum Opinion as to Tort

4

Claims Trustee's Motion for Instructions (referenced in Paragraph 71 of Waleski's Complaint) is attached hereto as Exhibit "D.")

6. Waleski alleges that $329,693,120 was ultimately paid to the Avoca Plaintiffs from the Tort Claims Trust. (Compl. ¶ 75.) In the State Court Action, he seeks an additional payment in the amount of $619,306,880, which is the difference between the amount recovered and the purported full value of the Avoca Plaintiffs' claims. (*Id.* ¶¶ 72-75.)

## **REMOVAL JURISDICTION**

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

9. Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original . . . jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

10. The State Court Action is properly removed to this Court under 28 U.S.C. § 1452(a) because the alleged breaches of professional obligations purportedly occurred during the Tronox Bankruptcy and there is original federal jurisdiction over such claims under 28 U.S.C. § 1334(b). *See Baker v. Simpson*, 613 F.3d 346, 350-52 (2d Cir. 2010) (legal malpractice and related tort claims asserted by debtor against court-appointed bankruptcy counsel "arose in" bankruptcy proceeding and case was properly removed from state court), *cert. denied*, 562 U.S. 1149 (2011); *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260 (3d Cir. 2007) (professional malpractice claims against accountants for misconduct during bankruptcy on which bankruptcy judge relied in confirming reorganization plan and in awarding fees to accountants were subject to bankruptcy court's "arising in" jurisdiction because they "implicated the integrity of the entire bankruptcy process"); *Grausz v. Englander*, 321 F.3d 467, 471-72 (4th Cir. 2003) ("broad interpretation of 'arising in' jurisdiction surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case"); *In re V&M Mgmt, Inc.*, 321 F.3d 6 (1st Cir. 2003) (bankruptcy court properly retained jurisdiction over debtor's malpractice and

related claims against bankruptcy counsel following removal); *In re Southmark Corp.*, 163 F.3d 925, 931-32 (5th Cir. 1999) (malpractice claim against court-appointed accountant based on work performed in plaintiff's Chapter 11 case was "core proceeding" which was "inseparable from the bankruptcy context"), *cert. denied*, 527 U.S. 1004 (1999); *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1244 (3d Cir. 1994) (district court had jurisdiction over plaintiffs' malpractice action against bankruptcy counsel as claims "arose under title 11"), *cert. denied*, 513 U.S. 999 (1994); *In re Kaiser Grp. Int'l Inc.*, No. 00-02263-MFW, No. 09-52317-MFW, 2010 WL 3271198, at *2 (D. Del. Aug. 17, 2010) (claims against counsel for professional negligence and breach of fiduciary duty subject to court's "arising in" jurisdiction); *Winstar Holdings v. Blackstone Grp., L.P.*, No. 07 Civ. 4634(GEL), 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007) (common law tort claims against court-approved financial advisor are within bankruptcy court's "arising in" jurisdiction because claims are "intimately related to the administration of the bankruptcy").[2]

11. Further, the claims in the State Court Action "arise in" the Tronox Bankruptcy because they challenge allocation of estate assets and operation of the Tort Claims Trust and thereby implicate the integrity of the bankruptcy process

---

[2] The unpublished cases cited herein are reproduced in the attached Appendix.

and are inseparable from the bankruptcy context. *See In re Seven Fields Dev. Corp.*, 505 F.3d at 258-61.

12. Removal is also authorized because the State Court Action requires interpretation and enforcement of Orders entered in the Tronox Bankruptcy over which the Bankruptcy Court has retained jurisdiction. *See* 28 U.S.C. § 157; *see also In re Allegheny Health Educ. & Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004).

13. Pursuant to the First Amended Joint Plan of Reorganization of Tronox Incorporated et al. Pursuant to Chapter 11 of The Bankruptcy Code (the "Plan") entered in the Tronox Bankruptcy, the U.S. Bankruptcy Court for the Southern District of New York expressly retained jurisdiction over all matters relating to the effect of confirmation and all cases or controversies in connection therewith as well as all cases in connection with enforcement of orders entered by the Bankruptcy Court. (*See* Plan, Article XI, ¶¶ 6-7, 9, 11-12, 14, 16, 19, 21-22.) (A copy of the Plan is appended as Exhibit A to the Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Plan of Reorganization (referred to hereinafter as "Findings of Fact") which is attached hereto as Exhibit "E.")

14. The State Court Action challenges the reasonableness of the Tort Claims Trust and its governing documents, including the Tort Claims Trust Distribution Procedures. The settlement embodied in the Tort Claims Trust was found to be fair and equitable and was approved and Ordered by the U.S. Bankruptcy Court for the Southern District of New York. (*See* Findings of Fact. ¶¶ 37-38, 85.) MMWR's involvement in the formulation and preparation of the Tort Claims Trust and its governing documents was in its capacity as counsel for committee member Michael Carroll. (*See* Plan, Article XII(E).)

15. The State Court Action also purports to challenge and circumvent the November 10, 2014 decision of the United States District Court of the Southern District of New York, as corrected on November 19, 2014, which approved the $5.15 billion settlement of the fraudulent transfer claims and the distribution of those settlement funds. (*See* Nov. 10, 2014 Op. & Order; Nov. 19, 2014 Corrected Judgment.)

16. For these reasons, removal is proper under 28 U.S.C. §§ 1334(b), 1441(a) and 1452(a).

**COMPLIANCE WITH 28 U.S.C. § 1446**

17. This Notice of Removal is timely because it is filed within 30 days after May 10, 2018 when MMWR was served with the Complaint in the State

Court Action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Di Loreto v. Costigan*, 351 F. App'x 747, 753 (3d Cir. 2009); *Cmiech v. Electrolux Home Prods., Inc.*, 520 F. Supp. 2d 671, 676 (M.D. Pa. 2007).

18.  Attached hereto as Exhibit "F" are copies of all process, pleadings and orders served upon MMWR in the State Court Action.

19.  Attached hereto as Exhibit "G" is a copy of the Notice of Filing of Notice of Removal (without exhibits) which is being filed contemporaneously with the state court and is also being served upon Waleski.

WHEREFORE, MMWR, having demonstrated that this Court has jurisdiction over this matter and having timely filed this Notice of Removal, the above-captioned action is hereby removed from the Luzerne County Court of

Common Pleas to the United States District Court for the Middle District of Pennsylvania.

                                    Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier (PA ID 53248)
dbrier@mbklaw.com
Donna A. Walsh (PA ID 74833)
dwalsh@mbklaw.com
Suzanne P. Conaboy (PA ID 314036)
sscanlon@mbklaw.com

MYERS, BRIER & KELLY LLP
425 Spruce Street
Scranton, PA   18503
(570) 342-6100

Robert P. Johnson (*Pro Hac Vice forthcoming*)
Rob.Johnson@ThompsonHine.com
Emily G. Montion (*Pro Hac Vice forthcoming*)
Emily.Montion@ThompsonHine.com

THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH  45202
513-352-6769

*Attorneys for Defendants,
Montgomery McCracken Walker & Rhoads,
LLP, Natalie D. Ramsey, Esquire and
Leonard A. Busby, Esquire*

Date:  June 4, 2018

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record via electronic and first-class mail, postage prepaid, on this 4th day of June, 2018:

>Scott M. Hare, Esquire
>1806 Frick Building
>437 Grant Street
>Pittsburgh, PA  15219

>>/s/ Daniel T. Brier
>>Daniel T. Brier